```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
HEATHER STROHMEYER,                :
individually and as executrix      :
of the estate of Fritz             :
Strohmeyer,                        :     3:04cv1808(WWE)
     Plaintiff,                    :
                                   :
v.                                 :
                                   :
METROPOLITAN LIFE INSURANCE        :
CO. and DAY BERRY & HOWARD,        :
LLP,                               :
          Defendants.              :
```

**<u>RULING ON MOTIONS TO DISMISS</u>**

In this action, plaintiff Heather Strohmeyer sues her deceased husband's employer, Day Berry & Howard, LLP, and its life insurance carrier, Metropolitan Life Insurance Company, for breach of fiduciary duty pursuant to the Employee Retirement and Insurance Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA").

Defendants move to dismiss the action. For the following reasons, the motions to dismiss will be granted.

<u>BACKGROUND</u>

The following factual background is reflected in the allegations of the complaint.

In September, 1998, Fritz Strohmeyer commenced employment at Day Berry & Howard. At that time, he enrolled in a group life insurance policy issued by defendant Metropolitan Life Insurance

Company.

In August, 1999, Mr. Strohmeyer was diagnosed with cancer. In October, 2001, he could no longer work a full time schedule due to his illness and treatment. However, he continued his employment with Day Berry & Howard by working a few hours per day.  As a result of this abbreviated schedule, Day Berry & Howard discontinued his employee benefits, including his life insurance coverage, effective October 31, 2001.

On November 12, 2001, Day Berry & Howard sent a certified letter to Mr. Strohmeyer informing him that his life insurance policy was cancelled as of October 31, 2001.  The letter was accompanied by a conversion of benefits form which would have allowed Mr. Strohmeyer to convert his group policy into an individual life insurance policy.  This form needed to be completed and faxed back to the life insurance company within 30 days of cancellation, or by November 30, 2001.  Defendant Metropolitan Life Insurance Company never received this conversion form.

Mr. Strohmeyer passed away on November 19, 2003. Plaintiff was thereafter appointed as executrix of his estate. Upon Mr. Strohmeyer's death, plaintiff made a claim against defendant Metropolitan Life Insurance Company for benefits under the group life policy.  She was informed that the policy had been cancelled and had never been converted into an individual policy.

DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In the amended complaint, plaintiff alleges that defendants are liable to her pursuant to § 1132(a)(1)(b) for the benefit of the converted life insurance policy due to their breach of fiduciary duties.  Defendants argue that plaintiff has no standing to sue pursuant to this ERISA section because she is not a member of the plan.

Section 1132(a)(1)(B) provides that a "participant or beneficiary" may bring a civil action "to recover benefits" due under the terms of the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan.  In Varity Corp. v. Howe, 516 U.S. 489, 515 (1996), the Supreme Court explained that plaintiffs who were no longer

members of a plan could not proceed under §1132(a)(1)(B) because they had no benefits that were due under the terms of the plan. See also Kishter v. Principal Life Insurance Co., 186 F.Supp.2d 438, 442 (S.D.N.Y. 2002) (plaintiff's deceased husband was not covered by plan at time of his death and therefore plaintiff was not entitled to benefits under the plan).

In this instance, plaintiff admits that her husband was not covered by the plan at the time of his death. Accordingly, plaintiff cannot maintain her action for benefits pursuant to § 1132(a)(1)(B).

Plaintiff argues in the alternative that she should be allowed to assert a claim pursuant to section 1132(a)(3), which allows for "appropriate equitable relief" to be awarded to a participant or beneficiary "to redress" any violation of ERISA. However, compensatory damages or monetary relief for all losses sustained as a result of alleged wrongful conduct are not recoverable under section 1132(a)(3). Mertens v. Hewitt Associates, 508 U.S. 248, 255 (1993).

Here, plaintiff seeks the benefits of the converted individual life insurance policy, interest, attorneys fees and costs, and any further relief that the Court deems fair and equitable. Plaintiff relies upon Strom v. Goldman, Sachs & Co., 202 F.3d 138, 143 (2d Cir. 1999), which held that a claim for recovery of life insurance proceeds due to an alleged breach of

fiduciary duty constituted a form of equitable relief.  In <u>Strom</u>, the Court reasoned that the monetary relief was similar to the type of relief traditionally sought in an equitable action to enforce the duties of a fiduciary to a trust.  However, the Second Circuit has since recognized that its holding was abrogated by the Supreme Court's decision in <u>Great-West Life & Annuity Insurance Co. v. Knudson</u>, 534 U.S. 204 (2002).  <u>Pereira v. Farace</u>, 413 F.3d 330, 340 (2d Cir. 2005).  According to <u>Great-West</u>, a plaintiff seeking monetary relief under section 1132(a)(3) may not seek legal damages but is limited to the equitable remedy of restitution.

Generally, suits seeking to compel a defendant to pay a sum of money are suits for legal or money damages, since such suits seek compensation for loss arising from defendant's breach of a legal duty.  <u>Coan v. Kaufman</u>, 333 F.Supp.2d 14, 26 (D.Conn. 2004).  As <u>Great-West</u> elaborated, plaintiff's remedy is legal in that she cannot assert title to possession of particular property, but seeks to obtain a judgment imposing personal liability upon defendant based on an obligation defendant owed to plaintiff.  By contrast, a plaintiff can seek equitable restitution, "ordinarily in the form of a constructive trust or equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in defendant's possession."  <u>Great-</u>

5

West Life & Annuity Ins. Co., 534 U.S. at 213.  "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."  Id. at 214.

Here, plaintiff has not alleged that defendants have been wrongfully enriched or that funds belonging in good conscience to her can be traced to a particular fund in defendants' possession. Plaintiff is not asking that defendants restore her property or money traceable to a fund in defendants' possession.  Instead, she seeks to impose liability on defendants to compensate her for alleged breach of fiduciary duties.  Accordingly, her request for the value of the life insurance benefits and interest constitutes a claim for monetary or legal compensation.

Plaintiff's request for "[a]ny and all further relief that this Court deems fair and equitable" does not give rise to a claim for equitable restitution.  On its face, plaintiff's complaint fails to assert a viable cause of action for equitable relief pursuant to section 1132(a)(3), and the Court assumes that plaintiff will not likely be able to assert such an equitable claim.  See Kishter, 186 F.Supp.2d at 446 (no alternative form of equitable relief was appropriate where plaintiff sought compensation for loss that occurred due to defendant's alleged breach).  However, at this point in the action, the Court is only

6

aware of the facts recited in the pleadings.  Thus, the Court will allow plaintiff a good faith opportunity to amend her complaint to assert a claim for equitable relief pursuant 1132(a)(3) in accordance with <u>Great-Western</u>.

## CONCLUSION

For the following reasons, the motions to dismiss [#29 & 30] are GRANTED.  The Court will allow plaintiff an opportunity to plead in good faith a cause of action for equitable relief pursuant to 1132(a)(3) within 30 days of this ruling's filing date.  If plaintiff does not file an amended complaint within this time period, the Court will close the case.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated this 15th day of November 2005 at Bridgeport, Connecticut.